**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' EMPLOYEE BENEFITS FUND; TRUSTEES OF MICHIGAN REGIONAL COUNCIL OF CARPENTERS' ANNUITY FUND; TRUSTEES OF CARPENTERS' PENSION TRUST FUND - DETROIT AND VICINITY; TRUSTEES OF THE MICHIGAN STATEWIDE CARPENTERS AND MILLWRIGHTS JOINT APPRENTICESHIP AND TRAINING FUND; TRUSTEES OF THE MICHIGAN FUND FOR THE ADVANCEMENT OF THE CARPENTRY TRADE; TRUSTEES OF THE CARPENTERS' LABOR MANAGEMENT PRODUCTIVITY AND TRAINING FUND; TRUSTEES OF THE CARPENTERS' GUARANTY FUND; TRUSTEES OF THE CARPENTERS' INDUSTRY ADVANCEMENT FUND; TRUSTEES OF THE CARPENTERS' APPRENTICE REIMBURSEMENT FUND; TRUSTEES OF THE CARPENTER'S WORKING DUES FUND; TRUSTEES OF THE CARPENTER'S SPECIAL ASSESSMENT FUND; THE MICHIGAN REGIONAL COUNCIL OF CARPENTERS, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA;

       Plaintiffs,

v.

LEVEY DISPLAY, L.L.C., a Michigan Limited Liability Company; MICHELE LE'VEY, an individual; and RONALD D. LE'VEY, an individual, jointly and severally.

       Defendants.

Case No.: 16-12468
Hon.

---

NOVARA TESIJA, P.L.L.C.
Bryan M. Beckerman (P51925)
Katina K. Gorman (P75135)
Attorneys for Plaintiffs
2000 Town Center, Ste. 2370
Southfield, MI 48075
(248) 354-0380
bmb@novaratesija.com
kkg@novaratesija.com

---

## PLAINTIFFS' COMPLAINT

       NOW COME Plaintiffs, by and through their attorneys, NOVARA TESIJA, P.L.L.C., and for

their Complaint, state as follows:

1.      The Trustees of the Michigan Regional Council of Carpenters' Employee Benefits Fund; Trustees of the Michigan Regional Council of Carpenters' Annuity Fund; Trustees of the Carpenters' Pension Trust Fund – Detroit and Vicinity; Trustees of the Michigan Statewide Carpenters and Millwrights Joint Apprenticeship and Training Fund; Trustees of the Michigan Fund for the Advancement of the Carpentry Trade; Trustees of the Carpenters' Labor Management Productivity and Training Fund; Trustees of the Carpenters' Guaranty Fund; Trustees of the Carpenters' Industry Advancement Fund; Trustees of the Carpenters' Apprentice Reimbursement Fund; Trustees of the Carpenters' Working Dues Fund; Trustees of the Carpenters' Special Assessment Fund (hereinafter, collectively "the Funds") are each a jointly-trusted fund established pursuant to Section 302 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 186 and Sections 302 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sections 1132 and 1145, and bring this action on behalf of their individual participants.

2.      The Michigan Regional Council of Carpenters, United Brotherhood of Carpenters and Joiners of America (hereinafter "MRCC" or "Union") is a labor organization, as defined in Section 451 of the National Labor Relations Act, 29 U.S.C. § 152 (5), with its principal place of business located at 400 Renaissance Center, Suite 1010 Detroit, Michigan 48243.

3.      Upon information, knowledge and belief, Defendant Levey Display, L.L.C. (hereinafter "Company") is a Michigan limited liability company, located and doing business in the State of Michigan at 27250 Gloede Drive, Warren, Michigan 48088.  Further, although doing business at the Warren location, Company's registered address with the State of Michigan is 10083 Chesnut Ridge Ct., Holly, Michigan 48442.

4.      Upon information, knowledge and belief, Defendant Michele Le'Vey is an owner, officer, director, shareholder, manager and/or member of Company, who is doing business at Company's location of 27250 Gloede Dr., Warren, Michigan 48088.

5.      Upon information, knowledge and belief, Defendant Ronald D. Le'Vey is an owner, officer, director, shareholder, manager and/or member of Company, who is doing business at Company's location of 27250 Gloede Dr., Warren, Michigan 48088.

6.      Jurisdiction in this Court is founded on Section 301(a) of the LMRA, as amended, 29 U.S.C. Section 185(a) and Sections 502 and 515 of ERISA, 29 U.S.C. Section 1132 and 1145, as amended by the Multiemployer Pension Plan Amendment Act of 1980 ("MPPAA") and Federal common law.  This Court also has supplemental jurisdiction of any state-law claims ancillary to the relief sought herein.

<u>**COUNT I**</u>
<u>**ERISA: DELINQUENT CONTRIBUTIONS**</u>

7.      Plaintiffs hereby re-allege and incorporate the allegations contained in Paragraphs 1 through 6 of their Complaint as fully set forth herein.

8.      Section 515 of ERISA provides that "every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

9.      Section 502 of ERISA provides a federal forum for enforcement of the various duties imposed by ERISA, including, but not limited to, allowance of a lawsuit to enjoin any act which violates ERISA or to obtain other appropriate legal and equitable relief.

10.     Pursuant to the collective bargaining agreement (hereinafter "CBA") between Company and the Union, Company agreed to make employee fringe benefit contributions and assessments to the Funds for each employee covered by the collective bargaining agreement, which are individuals in the appropriate bargaining unit who perform covered work ("Employees"), and to be bound by the terms and conditions set forth in the Funds' Trust Agreements (the "Trust Agreements").   Defendants have copies of all records within their files; notwithstanding, Plaintiffs have attached a copies of the collective bargaining agreements, along with its signature page hereto as **Exhibit 1** and the relevant Trust Agreements as **Exhibit 2, 2-1 and 2-2**.

11.     The Funds are third-party beneficiaries of the parties' collective bargaining agreement.

12.     Company has violated both its contractual and statutory obligations by failing to make all of the fringe benefit contributions and assessments due on behalf of each Employee covered by the collective bargaining agreement and as incorporated in same, the relevant Trust Agreements.

13.     As a result of Company's violations of its contractual and statutory obligations, Defendants have violated ERISA, the collective bargaining agreement and the relevant Trust Agreements.

14.     Plaintiffs are entitled to all remedies under ERISA, including, but not limited to, payment of fringe benefit contributions owed, audit assessments, liquidated damages, attorneys' fees and costs.

15.     At all relevant times, Defendant Company was bound to the parties' collective bargaining agreement, which includes, but is not limited to, the time period of August 2010 to the present.

16.     The Funds have been damaged in such an amount as to be determined by an audit.

17.     Further, in operating Company, upon information, knowledge and belief, Defendants Michele Le'Vey and Ronald D. Le'Vey have, among other things, (a) failed to follow business formalities, (b) failed to adequately capitalize the business which has caused a failure to remit contributions to Plaintiffs, (c) commingled personal and business assets, and (d) committed fraud by taking monies from the business while failing to make fringe benefit contributions to Plaintiffs.

18.     An injustice will be imposed on Plaintiffs in the absence of individual liability because the ability of Defendant Company to pay delinquencies owed to Plaintiffs and their participants is in serious doubt.

19.     Defendant Company has fraudulently avoided paying required benefit contributions to Plaintiffs and engaged in misconduct, which includes, but is not limited to, converting money paid to it for the purpose of paying benefit contributions to Plaintiff Funds and retaining monies required to be paid for the benefit of its employees.

4

20.     As officers, directors, manager, members and/or shareholders and people who make decisions, Defendant Michele Le'Vey and Defendant Ronald D. Le'Vey, are responsible for Defendant Company's compliance with its contractual and statutory obligations to Plaintiffs.

21.     Notwithstanding Company's contractual and statutory obligations, upon information, knowledge and belief, Defendants Michele Le'Vey and Ronald D. Le'Vey failed to follow business formalities, had personal knowledge of Company's undercapitalization, and with the requisite intent, fraudulently and improperly diverted monies which were to be paid for the benefit of its employees.

22.     Because of Defendants Michel Le'Vey and Ronald D. Le'Vey's actions and/or inactions cited within this Complaint, Plaintiffs have suffered financial losses.

WHEREFORE, Plaintiffs request that the Honorable Court grant the following relief:

a.      Enter a judgment in the Plaintiffs' favor against Company, Michele Le'Vey and Ronald D. Le'Vey, for an amount to be determined by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.      That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c.      Any such other, further or different relief as may be just and equitable under the circumstances.

## COUNT II
## FAILURE TO PERMIT UPDATED AUDIT

23.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 22 of their Complaint as fully set forth herein.

24.     Pursuant to the terms of the CBA, Company is required to pay monthly fringe benefit contributions **and** submit its pertinent books and records for an audit by the Funds, in order to verify the accuracy of said contributions made, if any.

25.     Company has violated its contractual and statutory obligations by failing to pay all of the fringe benefit contributions required by the CBA **and** by failing to permit to an audit of its records.

26.     Plaintiff Funds have been damaged in an amount, as shall be verified and determined, by an audit.

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

a. Order that Defendant Company submit to an audit of its records to verify the amounts owing Plaintiffs;

b. Enter a judgment in the Funds' favor against Company, for an amount to be determined as due and owing by said audit and any other sums including but not limited to attorney fees, statutory interest and costs that may become due or discovered to be due the Funds during the pendency of this action;

c. Any such other, further or different relief as may be just and equitable under the circumstances; and

d. That jurisdiction of this matter be retained, pending compliance with the Court's orders.

## COUNT III
## BREACH OF FIDUCIARY DUTIES

27.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 26 of their Complaint as fully set forth herein.

### General

28.     Participants of the Funds were employed by Company to perform work and provide labor on various construction projects in the State of Michigan.

29.     The participants of the Funds provided labor and services, on behalf of Company, pursuant to the parties' CBA and thus earned outstanding fringe benefit contributions in connection with and in furtherance of their employment and labor on said projects.

30.     Company was obligated to pay fringe benefit contributions to the Funds for these participants on said projects.

31.     The outstanding accrued fringe benefit contributions were properly payable to the Funds administered by Plaintiffs when due.

32.     Company received monies on said projects, but failed to pay all of the fringe benefit contributions owed the Funds on said projects when due.

33.     The accrued fringe benefit contributions and monies in Company's possession, custody and/or control from said projects which were available to pay the participants' accrued fringe benefit contributions were to be held in trust by Defendants in their capacity as fiduciaries, as required by ERISA, 29 U.S.C. §1145, until Defendants paid to Plaintiffs said fringe benefit contributions in accordance with the terms and conditions of their CBA and Trust Agreements.

34.     The Trust Agreements for the Funds, incorporated by the relevant CBA (see **Exhibit 2,** Article II, Section 2.3, Pages 22-23; **Exhibit 2-1,** Article VI, Section 8, Page 23; and **Exhibit 2-2,** Article II, Section 2.3, Page 34-35, attached hereto and made a part hereof by reference) provide that unpaid contributions become plan assets at the time they become due.

35.     Defendants, including the individual Defendants, being Michele Le'Vey and Ronald D. Le'Vey had actual and/or constructive notice of the above-referenced Trust Agreements and their respective amendments.

36.     Thus,  Company accrued fringe benefit contributions owed to the Funds on said projects, that became plan assets of the respective Funds administered by Plaintiffs at the time they became due, as provided for in the Trust Agreement and Plan documents, within the meaning of ERISA §3(21)(A); 29 U.S.C. §1002(21)(A).

37.     ERISA provides that a person is a fiduciary with respect to the Funds to the extent that the person exercises any discretionary authority or control with the respect to the disposition of Plan assets. ERISA §3(21)(A); 29 U.S.C. § 1002(21)(A).

38.     Owners, officers, directors and/or managers of Company are considered fiduciaries of the Funds based upon the conduct and authority of said people, including, but not limited to, their personal exercise of discretionary authority and control over Funds' assets.

## MICHELE LE'VEY

39.     Defendant Michele Le'Vey as an owner, officer, director and/or manager of Company, upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of   Company's   accrued fringe benefit contributions, being plan assets recognized by ERISA.

7

40.     Defendant Michele Le'Vey, as an owner, officer, director and/or manager of Company is considered a fiduciary of the Funds based upon her conduct and authority over the contributions associated with same.

41.     Upon information, knowledge and belief, Defendant Michele Le'Vey, as an owner, officer, director and/or manager of Company, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

42.     Since Defendant Michele Le'Vey, as an owner, officer, director and/or manager of Company personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, she is a fiduciary of the Funds.

43.     Although legally and contractually obligated to do so, Defendant Michele Le'Vey failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

44.     Upon information, knowledge and belief, Defendant Michele Le'Vey utilized the accrued outstanding fringe benefit contributions and monies within her possession, custody and/or control for purposes other than payment to Plaintiffs.

45.     In failing to turn over such plan assets to Plaintiffs, Defendant Michele Le'Vey violated 29 U.S.C. §§1145, 1104 and 1109, and her obligations under the CBA and Trust Agreements.

46.     Defendant Michele Le'Vey's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

47.     Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Michele Le'Vey failed to discharge her fiduciary duties with respect to the Funds

solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

48.     ERISA imposes personal liability on a fiduciary that breaches fiduciary duties. 29 U.S.C. §1109.

49.     As a result of his above-mentioned actions, Defendant Michele Le'Vey breached her fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

50.     Defendant Michele Le'Vey knew or should have known that she would be held personally liable for her above-referenced actions.

51.     ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

52.     Due to the above-mentioned actions and/or inactions of Defendant Michele Le'Vey, the loss to the Funds is to be determined.

53.     Defendant Michele Le'Vey, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

54.     As stated within, the Funds have been damaged in an amount to be determined because of Defendant Michele Le'Vey's breach of her fiduciary duties.

### **RONALD D. LE'VEY**

55.     Defendant Ronald D. Le'Vey as an owner, officer, director and/or manager of Company, upon information, knowledge and belief, personally exercised discretionary authority and control over the disposition of Company's accrued fringe benefit contributions, being plan assets recognized by ERISA.

56.     Defendant Ronald D. Le'Vey, as an owner, officer, director and/or manager of Company is considered a fiduciary of the Funds based upon his conduct and authority over the contributions associated with same.

57.     Upon information, knowledge and belief, Defendant Ronald D. Le'Vey, as an owner, officer, director and/or manager of Company, personally exercised discretionary authority and

control over the disposition of Company's accrued fringe benefit contributions, which are plan assets as defined by ERISA and the relevant Trust Agreement and Plan documents.

58.    Since Defendant Ronald D. Le'Vey, as an owner, officer, director and/or manager of Company, personally exercised discretionary authority and control over Company's accrued fringe benefit contributions, being plan assets, he is a fiduciary of the Funds.

59.    Although legally and contractually obligated to do so, Defendant Ronald D. Le'Vey failed to turn over the above-mentioned plan assets by failing to pay all of the accrued outstanding fringe benefit contributions to Plaintiffs when due.

60.    Upon information, knowledge and belief, Defendant Ronald D. Le'Vey utilized the accrued outstanding fringe benefit contributions and monies within his possession, custody and/or control for purposes other than payment to Plaintiffs.

61.    In failing to turn over such plan assets to Plaintiffs, Defendant Ronald D. Le'Vey violated 29 U.S.C. §§1145, 1104 and 1109, and his obligations under the CBA and Trust Agreements.

62.    Defendant Ronald D. Le'Vey's failure to turn over the plan assets, failure to make fringe benefit contributions to Plaintiffs, failure to account for those contributions, and misuse of funds and monies otherwise payable to Plaintiffs, constitutes a breach of fiduciary duties regarding the Funds pursuant to 29 U.S.C. §1104(a)(1)(A) and are violations of 29 U.S.C. §§ 1145, 1104 and 1109(a).

63.     Thus, by directing that Company's assets, which were owed to the Funds, be paid for other purposes instead of being deposited with the Funds for their participants and beneficiaries, Defendant Ronald D. Le'Vey failed to discharge his fiduciary duties with respect to the Funds solely in the interest of the participants and beneficiaries as required by ERISA 404(a)(1); 29 U.S.C. §1104(a)(1).

64.    ERISA imposes personal liability on a fiduciary who breaches fiduciary duties. 29 U.S.C. §1109.

65.    As a result of his above-mentioned actions, Defendant Ronald D. Le'Vey breached his fiduciary duties owed to the Funds and is thus, personally liable to the Funds for such breaches.

66.     Defendant Ronald D. Le'Vey knew or should have known that he would be held personally liable for his above-referenced actions.

67.     ERISA also provides that if there is a loss caused by a breach of fiduciary duty, the fiduciary must make the Plan whole by restoring any losses caused by the breach. 29 U.S.C. §1109.

68.     Due to the above-mentioned actions of Defendant Ronald D. Le'Vey, the loss to the Funds is to be determined.

69.     Defendant Ronald D. Le'Vey, as a fiduciary, must make the Funds whole by restoring the above-mentioned losses to be determined, to the Funds.

70.     As stated within, the Funds have been damaged in an amount to be determined because of Defendant Ronald D. Le'Vey's breach of his fiduciary duties.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.  Enter a judgment in the Plaintiffs' favor against Defendant Company and Defendants Michele Le'Vey and Ronald D. Le'Vey, for an amount to be determined as found owing by said audit, together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and other sums as may become due or discovered to be due the Funds during the pendency of this action;

b.  That jurisdiction of this matter be retained pending compliance with the Court's orders; and

c.  Enter a declaratory order finding that Company is bound by the collective bargaining agreement; and

d.  Any such other, further or different relief as may be just and equitable under the circumstances.


**COUNT IV**
**BUILDERS TRUST FUND**

71.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1 through 70 of their Complaint as fully set forth herein.

72.     Participants of the Funds were employed by Defendant Company to perform work on various construction projects in the State of Michigan.

73.     Defendant Company has failed to pay all of the fringe benefit contributions owed the Funds on said projects.

74.     The Michigan Building Contract Fund Act (the "Act"), MCLR 570.151 et seq., imposes a trust on funds paid to a building contractor with subcontractors and material men as beneficiaries of said trust.

75.     Under the Act, Company, Michele Le'Vey and Ronald D. Le'Vey are fiduciaries and trustees for the Funds' participants, who are the beneficiaries of all monies paid to Company on said projects.

76.     The Defendants have failed to pay over to the Funds the monies held in trust and covered by the Act, which are due the Plaintiffs.

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a.     Enter a judgment in the Plaintiffs' favor against Defendants Company, Michele Le'Vey and Ronald D. Le'Vey, for no less than an amount to be determined as found owing by said audit together with any accumulated interest thereon, actual attorney fees, court costs, audit and other collection costs and such other sums as may become due the Funds during the pendency of this action;

b.     That jurisdiction of this matter be retained, pending compliance with the Court's orders; and

c.     Any such other further or different relief as may be just and equitable under the circumstances.

Respectfully submitted,

NOVARA TESIJA, P.L.L.C.

BY: /s/Bryan M. Beckerman
    Bryan M. Beckerman (P51925)
    Katina K. Gorman (P75135)
    Attorneys for Plaintiffs
    2000 Town Center, Suite 2370
    Southfield, MI  48075-1314
    (248) 354-0380
    bmb@novaratesija.com
    kkg@novaratesija.com

Dated:  June 30, 2016

W:\FUNDS\mrcc\LITIGATION\Levey Display\2016 Pleadings\Complaint.doc